■ AUGUST R. ZIEGLER, Individually and as Father and Natural Guardian of BRENT A. ZIEGLER and others, Infants, et al., Respondents, v. EDWARD STASTNY, Respondent, and WESTCHESTER FIRE INSURANCE COMPANY, Appellant. — In a declaratory judgment action, defendant insurer appeals from a judgment of the Supreme Court, Nassau County, entered December 10, 1973, after a nonjury trial, which adjudged, *inter alia*, that plaintiffs' claims for bodily injuries are within the coverage of the all-risk yacht policy of insurance issued to defendant Stastny. Judgment modified, on the law, by striking the second, third and fourth decretal paragraphs thereof and substituting therefor a provision declaring that said insurance policy does not provide coverage to the insured for any liability arising out of the incidents which occurred on July 9, 1966

and form the subject matter of a pending personal injury suit against the insured. As so modified, judgment affirmed, with one bill of costs to appellant jointly against respondents appearing separately and, filing separate briefs. The pertinent language of the insurance contract, reasonably interpreted, precludes coverage by way of indemnity for any liability on the part of the insured as a result of the accident which occurred on July 9, 1966. The record indicates that the insured's liability, if any, did not arise by reason of his "interest in the insured vessel". Hopkins, Acting P. J., Martuscello, Shapiro, Christ, and Brennan, JJ., concur.